UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 13, 2011

MARK JOHNSON,                                :

                Petitioner,            :            09 Civ. 9483 (PAC) (AJP)

   -against-                                        :            ORDER ADOPTING R&R

                                        :

DALE ARTUS, Superintendent,         :
Clinton Correctional Facility,

                Respondent.          :

------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

      Pro se petitioner Mark Johnson ("Johnson") seeks a writ of habeas corpus from his August 10, 2004 conviction of second and third degree criminal possession of a weapon, and concurrent sentences, the maximum being thirteen years imprisonment. (Am. Pet. ¶¶ 1-5.) Johnson asserts that the trial court: (1) violated his "right to a fair trial and to present a defense" by improperly excluding third-party allegations of police brutality (Am. Pet. ¶ 13(1)); (2) improperly modified its in limine ruling to "allow the prosecution to extensively question [Johnson] about uncharged drug crimes" (Am. Pet. ¶ 13(2)); and (3) in sentencing Johnson, improperly relied upon the prosecution's pre-sentence memorandum that included "unreliable hearsay allegations from anonymous informants concerning [Johnson's] criminal history" (Am. Pet. ¶ 13(3)).

      On August 10, 2009, Johnson filed his initial pro se federal habeas corpus petition, arguing that the police lacked probable cause to search him and that the gun found during the search should have been suppressed. (Petition ¶ 13.) On November 16, 2009, Chief Judge Preska dismissed Johnson's habeas petition because "Fourth Amendment claims are not reviewable in a federal habeas corpus

1

petition," but granted Johnson sixty days to amend to assert "any other grounds with respect to which petitioner has exhausted his state court remedies." (Nov. 16, 2009 Order 2-3.)

On January 13, 2010, Johnson filed his present pro se habeas petition asserting the above three claims. (Am. Pet. ¶ 13.) On February 4, 2010, this Court referred the case to Magistrate Judge Andrew J. Peck. On August 26, 2010, Magistrate Judge Peck issued a Report and Recommendation ("R&R") that the Court deny the Petition. On September 10, 2010, Johnson filed a one sentence objection to the "whole entire" R&R. Since Johnson's objection is not "specific," in that it "did not even address the basis for Magistrate [Peck's] recommendation," the district court is not required to conduct a *de novo* review of the R&R. Greene v. WCI Holdings Corp., 956 F. Supp 509, 517 (S.D.N.Y. 1997) (citations omitted). Thus, this Court may adopt the R&R, if there is no clear error on the face of the record. See id.

The Court has reviewed the R&R and Johnson's objection. For the reasons that follow, the Court adopts Magistrate Judge Peck's Report and Recommendation in its entirety. Johnson's petition is, therefore, DENIED.

## BACKGROUND[1]

**I. Facts**

On August 12, 2003, police officers received a radio transmission reporting a "dispute with firearms" outside the Jacob Riis Houses at 118 Avenue D in Manhattan. Upon arriving at the scene, police officers observed people running out of the building. The police were told that the perpetrators had gone upstairs and began a vertical sweep of the building. As two officers approached the third floor landing, they heard Johnson banging on an apartment door, frantically asking to be let inside while sweating profusely. The police pointed their guns at Johnson and yelled "Police, don't move." Johnson then reached his hand towards his waistband area. The police interpreted Johnson's movement as an

---

[1] Facts are taken from the R&R and the parties' submissions.

indication that he might have a gun and therefore conducted a pat down during which they found a loaded nine-millimeter pistol. Johnson was promptly arrested.

**II. Procedural History**

On August 19, 2003, Johnson was indicted for third degree criminal possession of a weapon. On December 4, 2003, Johnson moved to suppress the pistol recovered during his August arrest on the grounds that the police lacked probable cause to search him. Johnson's motion went unopposed, and, on January 5, 2004, Justice Renee A. White ordered a <u>Mapp/Dunaway</u> hearing. On May 22, 2004, the State filed a superseding indictment, adding a charge for second degree criminal possession of a weapon. On August 3, 2004, Justice Charles Solomon rescinded the order granting the <u>Mapp/Dunaway</u> hearing, reasoning that Johnson "doesn't have standing to contest the search because he claim[ed] under oath [before the grand jury] that he never possessed the weapon in question."

<u>A. The Trial</u>

On August 3, 2004, Johnson proceeded to trial before Justice Phillip M. Grella and a jury in Supreme Court, New York County. On August 10, 2004, the jury convicted Johnson of second degree criminal possession of a weapon and two counts of third degree criminal possession of a weapon.

On September 9, 2004, Justice Grella sentenced Johnson as a predicate felon to concurrent prison terms, the longest being thirteen years imprisonment.

<u>B. Johnson's Direct Appeals and New Suppression Hearing</u>

In October 2006, Johnson appealed to the First Department, claiming, <u>inter alia</u>, that: (1) the hearing court erred in ruling that Johnson lacked standing to request a <u>Mapp</u> hearing when he denied possessing the gun; (2) Justice Grella violated Johnson's "right to a fair trial and to present a defense" by precluding any evidence of a third party's police brutality allegations; (3) Justice Grella "violated basic notions of fairness and due process" by modifying its <u>in limine</u> ruling to allow the prosecutor to cross-examine Johnson about uncharged drug crimes; and (4) Johnson's thirteen year sentence was

"excessive" and a violation of his "right to due process" because the prosecution's pre-sentence memorandum included "unreliable hearsay allegations from anonymous informants."

The First Department agreed with Johnson's first claim, finding it was improper to summarily deny Johnson's motion to suppress. Johnson's appeal was then "held in abeyance and the matter remanded for a hearing on his motion to suppress physical evidence." Justice Solomon held a Mapp hearing on September 27 and October 4, 2007. The evidence presented during this hearing was "substantially similar" to that presented at trial; it established that the police had a reasonable suspicion to seize Johnson at gunpoint and, after Johnson reached for his waistband, the police were justified in recovering the gun. Accordingly, Justice Solomon again denied Johnson's suppression motion.

On May 13, 2008, the First Department denied Johnson's appeal in all respects, finding that: (1) the Mapp hearing demonstrated that police were entitled to forcibly detain and conduct a pat down of Johnson; (2) the trial court properly precluded hearsay police brutality allegations that purportedly provided evidence of a motive for the police to fabricate their testimony, on grounds of excessive remoteness; (3) although the trial court erred modifying its in limine ruling to allow the prosecution to question Johnson about uncharged drug crimes, that this error was harmless in light of the overwhelming evidence of Johnson's guilt; and (4) that there was no basis for reducing Johnson's sentence. On August 29, 2008, the New York Court of Appeals denied leave to appeal. On September 22 and 23, 2008, Johnson, proceeding pro se, requested reconsideration of the denial of his leave application. On November 21, 2008, the New York Court of Appeals denied Johnson's application.

C. Johnson's CPL § 440 Motion

On November 14, 2006, while his direct appeal was pending, Johnson filed a CPL § 440.20 Motion arguing, inter alia, that the prosecution placed "unreliable, highly prejudicial" information before the sentencing court. On May 24, 2007, Justice Arlene R. Silverman denied Johnson's CPL § 440.20 motion.

On July 17, 2007, the First Department granted Johnson leave to appeal from the § 440.20 denial and consolidated it with Johnson's pending direct appeal. On June 24, 2008, the First Department affirmed the denial of Johnson's § 440.20 motion. The First Department held that Johnson failed to establish that his sentence was "unauthorized, illegally imposed or otherwise invalid as a matter of law." The First Department held that "[m]ost of [Johnson's] present claims are identical to claims that [the First Department] has already rejected on his direct appeal" and thus are "barred by the doctrine of res judicata."

On September 12, 2008, the New York Court of Appeals denied leave to appeal and then denied reconsideration on November 21, 2008.

D. Johnson's Habeas Petition

On August 10, 2009, Johnson filed his initial pro se federal habeas corpus petition, arguing that the police lacked probable cause to search him and that the gun should have been suppressed. On November 16, 2009, Chief Judge Preska dismissed Johnson's habeas petition because "Fourth Amendment claims are not reviewable in a federal habeas corpus petition," but granted Johnson sixty days to amend.

On January 15, 2010, Johnson filed his present pro se habeas petition, asserting three claims: (1) that Justice Grella violated his "right to a fair trial and to present a defense" by improperly excluding a third party's allegations of police brutality; (2) that Justice Grella violated his due process rights by modifying the in limine ruling and allowing the "prosecution to extensively question [Johnson] about uncharged drug crimes"; and (3) that in sentencing him, Justice Grella improperly relied upon the prosecution's pre-sentence memorandum that included "unreliable hearsay allegations from anonymous informants concerning [Johnson]'s criminal history."

**III. Magistrate Judge Peck's R&R**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In addition, 28 U.S.C. § 2254(e)(1) states that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Id. § 2254(e)(1).

On August 26, 2010, Magistrate Judge Peck issued his Report and Recommendation that Johnson's Petition be denied. Magistrate Judge Peck addressed each of Johnson's claims and found each to be without merit. The Court agrees.

A. Evidentiary Claim Regarding Police Officers' Motive to Fabricate Testimony

Magistrate Judge Peck found that Justice Grella's preclusion of a third party's allegations of police brutality, which Johnson claims would have established a motive for the police officers to fabricate their testimony, did not provide grounds for habeas relief. (R&R 38-45.)

First, Magistrate Judge Peck found that Justice Grella's preclusion of these third party allegations of police brutality did not violate New York evidentiary rules. (R&R 41-43.) Johnson sought to introduce evidence of a third party's withdrawn allegation of excessive force against two police officers, who were outside the apartment complex and were not involved in Johnson's arrest, under the theory that these allegations demonstrated that the police officers who arrested Johnson on the third floor

landing did so, in part, to frame Johnson and provide themselves with an alibi. (Id. 42.) Magistrate Judge Peck noted that under New York law "a trial court may, in the exercise of its discretion, properly exclude such proof where it is too remote or speculative or where the cross-examination concerning such motive is not proceeding upon some good-faith basis." (Id. 41-42 (quoting People v. Perry, 611 N.Y.S.2d 3, 3 (N.Y. App. Div. 1st Dep't 1994), appeal denied, 83 N.Y.2d 970 (1994)). The excluded testimony was wholly unrelated to the critical issue of whether Johnson possessed a loaded firearm. (Id. 42.) Magistrate Judge Peck found that the proffered evidence was hearsay and that the evidence was "too remote or speculative" to establish that the testifying officers had a "motive to fabricate." (Id. 42-43.) Moreover, Magistrate Judge Peck found that Johnson's theory was "implausible," and that Johnson proffered no good faith basis for his claim of a cover-up. (Id. 42-43.)

Second, Magistrate Judge Peck found that Justice Grella's preclusion of these hearsay allegations of police brutality did not amount to a constitutional violation. Magistrate Judge Peck found that the prosecution's evidence against Johnson was overwhelming. (Id. 44.) Accordingly, Magistrate Judge Peck held that even if precluding this evidence was erroneous as a matter of state law (which it was not), the admission of hearsay allegations of police brutality would not "so certainly have created new ground for reasonable doubt" that it provides ground for habeas relief. (Id. (citing Jones v. Stinson, 229 F.3d 112, 120 (2d Cir. 2000).) Moreover, Magistrate Judge Peck held that given the strength of the evidence against Johnson, and the fact that the jury was presented with other evidence and argument that the police had a motive to lie, the preclusion of hearsay excessive force allegations did not deprive Johnson of a "fundamentally fair" trial. (Id.)

Finally, Magistrate Judge Peck held that, in any event, under the deferential AEDPA standard, the First Department's denial of Johnson's claim did not constitute an unreasonable application of Supreme Court precedent. (Id. 44-45 (citing Wade v. Mantello, 333 F.3d 51, 60 (2d Cir. 2003).)

Accordingly, Magistrate Judge Peck held that Johnson's habeas claim regarding the preclusion of third party brutality allegations should be denied.

B.  Evidentiary Claim Regarding the Admission of Uncharged Crimes

Magistrate Judge Peck found that the admission of Johnson's prior drug convictions did not amount to a constitutional violation.  Magistrate Judge Peck held that, in light of the strong evidence against Johnson, the prosecutor asked only four questions about Johnson's uncharged drug crimes, which he denied.  That brief inquiry did not deprive him of a fundamentally fair trial.  (R&R 48-49 (citing cases, e.g., Ayala v. Portuondo, 75 F. Supp. 2d 194, 196 (S.D.N.Y. 1999) ("In view of the overwhelming evidence of [petitioner]'s guilt, this evidence [of uncharged crimes] cannot even if it had been erroneously admitted, be said to have denied [petitioner] a fair trial.")).)

Magistrate Judge Peck then found that even if the First Department was incorrect in holding that questioning Johnson about uncharged crimes amounted to harmless error, the First Department's decision was not an unreasonable application of the Supreme Court precedent because the "Supreme Court has never held that a criminal defendant's due process rights are violated by the introduction of prior bad acts or uncharged crimes."  (Id. at 50 (quoting Mercedes v. McGuire, No. 08-CV-299, 2010 WL 1936227, at *8 (E.D.N.Y. May 12, 2010).)

Accordingly, Magistrate Judge Peck held that Johnson's claim regarding the prosecutions questioning Johnson about uncharged crimes should be denied.

C. Sentencing

Magistrate Judge Peck found that Johnson's claim that the sentencing court improperly considered "unreliable hearsay allegations from anonymous informants" when imposing sentence was without merit.  Justice Grella did not indicate at sentencing whether he relied on these hearsay statements.  (R&R 53.)  Magistrate Judge Peck found, however, that even if Judge Grella considered these statements that there was no error in doing so since "[h]earsay information may unquestionably be used in the discretion of a sentencing judge and given such weight as appears in his discretion to be

8

merited." (Id. at 52-53 (quoting Hili v. Sciarrotta, 140 F.3d 210, 215 (2d Cir. 1998).) Furthermore, Magistrate Judge Peck held that in any event, the First Department's finding that Johnson's sentencing claim was without merit was not contrary to or an unreasonable application of Supreme Court law. (Id. 53.) Accordingly, Magistrate Judge Peck held that Johnson's sentencing habeas claim should be denied.

## DISCUSSION

### I. Standard of Review

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party makes a timely "specific written objection," the district court is obligated to review the contested issues *de novo*. Greene v. WCI Holdings Corp., 956 F. Supp 509, 513 (S.D.N.Y. 1997). The Court, however, may adopt those portions of the recommendation to which there is no "specific, written objection," as required under Fed. R. Civ. P. 72(b), as long as those sections are not clearly erroneous. Id.

### II. Johnson's Objection

On September 10, 2010, Johnson filed a one sentence objection "to the (whole, entire) Report and Recommendation" by the Magistrate Judge. Since Johnson's objection is not a "specific" objection, and is intended only to repeat his prior arguments, it does not warrant *de novo* review. See id. at 517. Consequently, the Court will review Magistrate Judge Peck's recommendation for clear error.

Having considered Magistrate Judge Peck's R&R and the accompanying objection, and finding no clear error in Magistrate Judge Peck's analysis, Johnson's habeas petition is DENIED.

## **CONCLUSION**

For the foregoing reasons, the Court adopts Magistrate Judge Peck's R&R in its entirety. The court DENIES Johnson's habeas petition. Accordingly, the Clerk of Court is directed to enter judgment and close this mater. Pursuant to 28 U.S.C § 1915(a), I find that any appeal from this order would not be taken in good faith.

Dated: New York, New York
September 13, 2011

SO ORDERED

*Paul A Crotty*

PAUL A. CROTTY
United States District Judge

Copies to:

Mark Johnson
No. 04A4963
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929